GEORGE W. DRENNAN, PLAINTIFF, v. CLARENCE J. HOUSMAN, DEFENDANT.

Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Joseph Coult.*

*Contra, John A. Matthews.*

PER CURIAM.

The plaintiff, Drennan, while driving a Ford truck in one of the streets of Long Branch, was injured in a collision with an automobile belonging to the defendant and which was being driven by the latter's chauffeur. The defendant was riding in the car at the time of the accident. The present suit was brought by the plaintiff to recover compensation for the injuries received by him, and the trial resulted in a verdict in his favor, the jury awarding him $25,000. The defendant then applied for and obtained the present rule to show cause.

The first ground upon which we are asked to make this rule absolute is that the court erred in charging the following request submitted by the plaintiff, viz., "The defendant, Clarence J. Housman, who it is admitted was riding in the car at the time of the accident, has not been called to testify to the various facts surrounding this accident, and, therefore, you may infer that whatever testimony he may have been able to give would have been unfavorable to him." In view of the fact that, according to the uncontradicted testimony of the plaintiff given at the trial, the defendant had a conversation with the plaintiff, which took place shortly after the accident, at the hospital where the latter was undergoing treatment, in which he said: "Mr. Drennan, I am very sorry this happened, and, in my opinion, it was our fault" * * * and in view of the further fact that this testimony was corroborated by the plaintiff's sister, who was present during the conversation, we consider that there was no error in the instruction complained of, which was in effect that the jury might (not must) infer from the failure of the defendant to testify in his own behalf that whatever testimony he would have given if he had taken the stand would have been injurious to his contention that the accident was not the result of the carelessness of his chauffeur.

The only other ground urged for making the rule absolute is that the verdict is clearly excessive. Our consideration of the testimony relating to the character and the extent of the injuries received by the plaintiff leads us to the conclusion that, notwithstanding their seriousness, this contention of the defendant is fully justified.

If the plaintiff will consent to reduce the verdict to $15,000, he may enter judgment for that amount. Otherwise the rule to show cause will be made absolute.